UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

Earl Carroll,                                                                    Case No. 14-05844
                                                                                         Chapter 11
        Debtor.

_____/

Earl Carroll,

        Plaintiff,                                                     Adv. Proceeding No: 14-80219

v

Bank of New York Mellon Corporation, f/k/a
The Bank of New York, as Trustee for the
Certificateholders of CWMBS Inc., CHL Mortgage
Pass Through Trust 2006-HYB2, Mortgage Pass
Through Certificates, Series 2006-HYB2,

        Defendant.
_____/

## ANSWER TO ADVERSARY COMPLAINT

**NOW COMES** The Bank of New York Mellon Corporation, f/k/a The Bank of New York, as Trustee for the Certificateholders of CWMBS Inc., CHL Mortgage Pass Through Trust 2006-HYB2, Mortgage Pass Through Certificates, Series 2006-HYB2 (hereinafter "BNYM"), by its attorneys, Fabrizio & Brook, P.C., and for its Answer to Complaint states as follows:

1. BNYM admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. BNYM admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. BNYM admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. BNYM admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

5. BNYM admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

6. BNYM admits that Plaintiff has included it in his Chapter 11 schedules but denies that Plaintiff has borrowed funds from Defendant. Debtor did not sign the note secured by the mortgage in question.

7. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. BNYM denies as untrue the allegations contained in Paragraph 12 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

13. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint. The documents speak for themselves, but they are not attached to Plaintiff's Complaint.

14. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint. The documents speak for themselves, but they are not attached to Plaintiff's Complaint.

15. BNYM denies as untrue the allegations contained in paragraph 15 of Plaintiff's Complaint, and leaves Plaintiff to his proofs, as Laura Carroll is not a party to this case.

16. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of Plaintiff's Complaint.  BNYM further states that the document speaks for itself.

17. BNYM admits the allegations contained in paragraph 17 of Plaintiff's Complaint. BNYM further states that the document speaks for itself.

18. BNYM denies as untrue the allegations contained in paragraph 18 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

19. BNYM lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs Complaint. BNYM further states that Paragraph 19 includes a legal conclusion to which no response is necessary.

20. Paragraph 20 states a legal conclusion to which no response is necessary.

WHEREFORE, Defendant prays that Plaintiff take nothing for his Complaint and that this Court enter Judgment in its favor, dismissing this case with prejudice and granting all other proper relief.

Respectfully submitted,

FABRIZIO & BROOK, P.C.

DATED: November 7, 2014        /s/ John D. Stoddard
JOHN D. STODDARD (P56411)
700 Tower Drive, Ste 510
Troy, MI 48098
(248) 362-2600
bankruptcy@fabriziobrook.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

In re:

Earl Carroll,                                                                    Case No. 14-05844
                                                                                 Chapter 11
      Debtor.

_____/

Earl Carroll,

      Plaintiff,                                    Adv. Proceeding No: 14-80219

v

Bank of New York Mellon Corporation, f/k/a
The Bank of New York, as Trustee for the
Certificateholders of CWMBS Inc., CHL Mortgage
Pass Through Trust 2006-HYB2, Mortgage Pass
Through Certificates, Series 2006-HYB2,

      Defendant.
_____/

## DEFENDANT THE BANK OF NEW YORK MELLON CORPORATION AFFIRMATIVE DEFENSES

Defendant The Bank of New York Mellon Corporation, f/k/a The Bank of New York, as Trustee for the Certificateholders of CWMBS Inc., CHL Mortgage Pass Through Trust 2006-HYB2, Mortgage Pass Through Certificates, Series 2006-HYB2 (hereinafter "BNYM"), reserves the right to assert all applicable defenses to the claims asserted by the Plaintiffs and all applicable responses to the Complaint.  BNYM has not obtained discovery from the Plaintiff or any third parties in connection with this action, and the Defendant reserves the right to amend or otherwise supplement this Answer, including the defenses set forth herein, as may be appropriate.  Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P 8(c) and Fed. R. Bankr. P. 7008, and without conceding that any such defenses must be set forth in this Answer, Defendant BNYM states as follows:

1. That the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff's claims are barred by the Clean Hands Doctrine.

3. Plaintiff's claims are barred by Laches.

4. Plaintiff's damages, if any, are a proximate result of Plaintiff's own negligence, contributory negligence, carelessness and/or misconduct.

5. Plaintiff failed to mitigate his damages.

6. The real property described in the Quit Claim Deed, Mortgage, and Scrivener's Affidavit includes all three parcels, contrary to the allegations in the Plaintiff's Complaint.

7. Plaintiff and his wife are serial filers of bankruptcy proceedings and adversary proceedings and should not be entitled to relief from this Court.

WHEREFORE, Defendant prays that Plaintiff take nothing for his Complaint and that this Court enter Judgment in its favor, dismissing this case with prejudice, and granting all other proper relief.

Respectfully submitted,

FABRIZIO & BROOK, P.C.

DATED: November 7, 2014

 /s/ John D. Stoddard
JOHN D. STODDARD (P56411)
700 Tower Drive, Ste 510
Troy, MI 48098
(248) 362-2600
bankruptcy@fabriziobrook.com